1
2
3
4 **UNITED STATES DISTRICT COURT**
5 **DISTRICT OF NEVADA**
6

7 ROBIN MARIE HEAD,                          )
                                                                    )
8                                    Plaintiff,     )     Case No. 2:08-cv-01028-KJD-PAL
                                                                    )
9 vs.                                                        )     **ORDER**
                                                                    )     **AND REPORT OF**
10 FEDERAL BUREAU OF INVESTIGATION,   )  **FINDINGS AND RECOMMENDATION**
 et al.,                                                       )
11                                                              )
                                                                    )
12                                  Defendants.   )
 _____ )

13

14        Plaintiff Robin Marie Head ("Plaintiff") is proceeding in this action *pro se*.  Plaintiff has

15 requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a

16 Complaint on August 7, 2008.  This proceeding was referred to this Court by Local Rule IB 1-9.

17 **I.        *In Forma Pauperis* Application**

18        Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay

19 fees and costs or give security for them.  Accordingly, her request to proceed *in forma pauperis* will be

20 granted pursuant to 28 U.S.C. § 1915(a).  The Court will now review the complaint.

21 **II.       Screening the Complaint**

22        Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant

23 to § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally

24 "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary

25 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The court may also

26 dismiss "claims whose factual contentions are clearly baseless[, such as] claims describing fantastic or

27 delusional scenarios."  Id. at 327-28. When a court dismisses a complaint under § 1915(e), the plaintiff

28 should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is

1    clear from the face of the complaint that the deficiencies could not be cured by amendment.  See Cato

2    v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

3        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

4    failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

5    ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.

6    1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all

7    material allegations in the complaint are accepted as true and are to be construed in the light most

8    favorable to the plaintiff.  Russel v. Landrieu, 621 f.2d 1037, 1039 (9th Cir. 1980).  Allegations of a *pro

9    se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  Haines v.

10   Kerner, 404 U.S. 519, 520 (1972) (per curiam).

11       Plaintiff filed her complaint on a form entitled, "Complaint for Relief and Title 18 USC [sic]

12   § 4 Reporting of Federal Crimes to Federal Courts."  The complaint, which is largely unintelligible,

13   states, among other things, that she was forced by "various state & federal law enforcement agency's

14   [sic] under the badge of 'Multi-Agency Task Force' which includes FBI, ATF, local vice, undercover,

15   unknown entities, etc." to engage in sexual activity with state and political officials so the Multi-Agent

16   Task Force could "extort, control, and blackmail them."  Complaint at p.7.  Plaintiff also alleges that

17   she was "illegally hidden away" in state prison for seven and a half years and was made to endure

18   "endless torture, [including] being gassed twice, beat up, put in mud fields of ants, poisoned, etc."  Id.

19   Plaintiff further alleges that, in connection with her business as the owner of an escort agency, she was

20   subjected to "illegal wiretap, helicopters, fake warrant, condo eviction, informants and stings by the

21   dozens...cartel drugs, bags of money...everything illegal imaginable."  Complaint at p.9.  Plaintiff states

22   that her claim is brought under a host of federal statutes, including 18 U.S.C. § 4, 28 U.S.C. § 2202,

23   42 U.S.C. §§ 1983-1986, 28 U.S.C. § 1361, 28 U.S.C. § 1343, 18 U.S.C. §§ 1961-1965, 28 U.S.C.

24   § 2201, 1964 CRA Title VII, 42 U.S.C. § 14141, the Federal Tort Claims Act, and the Bivens doctrine.

25       She asks that the court receive testimony and evidence concerning crimes she believes she has

26   discovered, order federal officers to halt their criminal activities, and perform their duties of enforcing

27   the laws of the United States.  She also asks that the court "halt the pattern of judicial misconduct that

28   / / /

1   has made possible the escalating pattern of civil, constitutional, criminal activities, and the felony

2   persecution of plaintiff."

3        A complaint may be dismissed as frivolous if it is premised on a non-existent legal interest or

4   delusional factual scenario.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Moreover, "a finding

5   of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

6   wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  The court finds that the plaintiff's

7   allegations are fantastic, delusional, irrational, and frivolous and will, therefore, recommend that the

8   complaint be dismissed.

9        Having reviewed and considered the matters,

10   **IT IS ORDERED:**

11       1.    Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) is GRANTED.  Plaintiff

12          shall not be required to pay the filing fee of $350.00.

13       2.    Plaintiff is permitted to maintain this action to conclusion without the necessity of

14          prepayment of any additional fees or costs or the giving of a security therefor.  This

15          Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of

16          subpoenas at government expense.

17       3.    The Clerk of the Court shall file the Complaint.

18   **IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that

19   the complaint be dismissed with prejudice as delusional and frivolous.

20        Dated this 15th day of October, 2008.

21

22                      _____

                   PEGGY A. LEEN

23                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28